### Candelario Trevinio v. The State.

No. 3041.  Decided June 7, 1905.

**1.—Perjury—Indictment—Duplicity—Disjunctive.**

Where in a prosecution for perjury, the indictment alleged that the defendant falsely swore that he did not have in his possession or on his person a pistol, the trial in which said false swearing occurred being on a charge that defendant carried on and about his person a pistol, there was no duplicity in said allegation, as either the fact that he had a pistol in his possession, or on his person would be a material inquiry on a trial of defendant for carrying a pistol, and the mere fact that the indictment for perjury alleged that the defendant testified in the disjunctive "or" would not make it duplicitous.

**2.—Same—Discretion of Court—Introduction of Evidence Before Trial Closed.**

It is within the sound discretion of the trial court to hear evidence before argument is closed, if in his opinion it is necessary to the due administration of justce, and there was no error in permitting the State to introduce evidence, after the State's counsel had finished his opening argument and while appellant's counsel was addressing the jury.

**3.—Same—Evidence—Interpreter—Oath of Witness.**

It was permissible for the State, in a trial of defendant for perjury, to place as a witness on the stand, one who was the interpreter in the court wherein the perjury was committed and show by him that he was sworn as such interpreter and interpreted the oath to defendant as a witness upon said trial, the indictment alleging that a justice of the peace administered the oath.

**4.—Same—Jurisdiction—Justice of the Peace.**

Where in a prosecution for perjury the evidence showed that the defendant had. not been tried for carrying a pistol in a public assembly, but simply for carrying a pistol, the fact that he may have carried a pistol in a public assembly would not change the allegation of the indictment for perjury or preclude a prosecution, and there was no force in the objection that a justice of the peace had no jurisdiction to try him originally for carrying a pistol.

Appeal from the District Court of Kerr.  Tried below before Hon. Ed Haltom, special judge.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Lee Wallace* and *H. C. Geddie,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of perjury, and his punishment fixed at two years confinement in the penitentiary. Appel-

lant filed a motion to quash the indictment, in which he alleges that the same is vague, indefinite and uncertain and charges no offense against the law. The perjury was predicated upon the following fact: Appellant was tried in the justice court of precinct number 1 of Kerr County, Texas, for carrying on and about his person a certain pistol. On the trial appellant swore he did not have in his possession or on his person a pistol on the 12th day of March, 1905, the date alleged in the complaint. Upon this last statement the perjury was based. There is no duplicity in the statement. If appellant swore he did not have in his possession a pistol, or on his person a pistol, either, would be a material inquiry on the trial of appellant for carrying a pistol; and the mere fact that the same is stated with the disjunctive "or" would not make the statement duplicitous. Of course, an indictment must alleged that the accused carry on and about his person a pistol. If the allegation was that he carried the pistol on *or* about his person there would be no positive declaration as to which he did. But the statement here sworn to by appellant is not of that character required in the indictment, but the mere fact that he stated the same in the disjunctive would not make it any the less the subject of perjury.

Bill number 2 complains that the court permitted the State to introduce evidence after the State's counsel had finished his opening argument, and while appellant's counsel was addressing the jury. The Code of Criminal Procedure provides that the court shall hear evidence before the argument is closed, if in the opinion of the court it is necessary to the due administration of justice. Being a matter within the sound discretion of the court, we see no reason to disturb the verdict on this line.

Bill number 3 complains that the State placed Manuel Rubio upon the stand, and asked him if he, as an interpreter in justice court swore defendant upon the trial of the cause, wherein defendant was charged with carrying a pistol. To which appellant objected because the same sought to solicit an answer from the witness that was immaterial to any issue in the case, and because the indictment does not show nor charge that Manuel Rubio was the officer who swore defendant upon the trial, wherein it was charged he committed the offense herein charged, and does not show and charge that said witness had any authority to swear defendant upon said occasion. The bill is approved with this explanation: "That said Rubio testified he was sworn as interpreter for the justice court, and that he interpreted the oath to defendant upon said trial." This clearly was permissible, the indictment having charged that the justice of the peace swore appellant, it was proper to put the interpreter upon the stand to prove by him that he interpreted the said oath to the said witness.

The sixth ground of his motion for new trial complains that the evidence failed to show that appellant was in possession of the pistol in Kerr County. The statement of facts shows that venue was proven.

Appellant also complains in his motion for new trial that the justice

court had no jurisdiction to try him for the offense of carrying the pistol, because the evidence shows that the carrying was at a public assembly where thirty or forty people had assembled for public amusement, and that the justice court could not try appellant for carrying a pistol under such circumstances. The facts show here that appellant was not on trial for such an offense, but merely for carrying on and about his person a pistol. The fact that he may have carried the pistol in a public assembly would not change the allegations of the indictment or preclude a prosecution. The evidence being sufficient, the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]